Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VI

| COOPERATIVA DE AHORRO Y CRÉDITO DE QUEBRADA<br><br>Peticionaria<br><br>v.<br><br>JAVIER CORDERO TORRES<br><br>Recurrido | KLCE202401350 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Municipal de Lares<br><br>Caso número:<br>LDCI201401073<br><br>Sobre:<br>Cobro de dinero |

Panel integrado por su presidenta, la jueza Ortiz Flores, la juez Aldebol Mora y la jueza Boria Vizcarrondo.

Aldebol Mora, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 29 de enero de 2025.

Comparece la parte peticionaria, Cooperativa de Ahorro y Crédito de Quebrada, mediante el recurso de epígrafe y nos solicita que revoquemos la *Orden* emitida y notificada por el Tribunal de Primera Instancia, Sala Municipal de Lares, el 24 de septiembre de 2024. Mediante el referido dictamen, el foro primario declaró No Ha Lugar la moción sobre señalamiento de bienes promovida por la parte peticionaria.

Por los fundamentos que expondremos a continuación, se expide el auto solicitado y se revoca la determinación recurrida.

### I

La controversia ante nos tiene su origen en la *Sentencia* emitida por el Tribunal de Primera Instancia el 2 de febrero de 2015, notificada el día 9 del mismo mes y año.[1] En el aludido dictamen, el foro primario declaró Ha Lugar la *Demanda* en cobro de dinero de la Cooperativa de Ahorro y Crédito de Quebrada (Cooperativa o peticionaria) en contra de Nelson Cordero Torres, Javier Cordero

---

[1] Apéndice del recurso, págs. 20-22.

Número Identificador

SEN2025 _____

Torres, Nilda I. Álvarez Cordero y la Sociedad de Bienes Gananciales compuesta por ambos.

Así las cosas, el 15 de marzo de 2015, la Cooperativa instó una *Moción Interesando Ejecución de Sentencia Mediante Embargo*.[2] En síntesis, alegó que le interesaba ejecutar la *Sentencia* del 2 de febrero de 2015, mediante el embargo de bienes muebles. De igual forma, el 25 de marzo de 2015 la Cooperativa presentó un *Señalamiento de Bienes*.[3]

Atendido el asunto, el 14 de abril de 2015, el foro primario emitió una *Orden* en la cual declaró Ha Lugar la ejecución de sentencia a favor de la Cooperativa. A su vez, ordenó que se expidieran los mandamientos o requerimientos necesarios para cumplir con dicha orden.[4]

Posteriormente, el 3 de junio de 2024, la Cooperativa sometió una *Moción Solicitando Autorización para la Continuación de los Trámites de Ejecución de Sentencia*.[5] Junto a dicha moción, presentó un *Señalamiento de Bienes*.[6] En síntesis, alegó que, luego de que el tribunal permitiera la ejecución de la *Sentencia* en el 2015, ha realizado varias gestiones para tratar de identificar bienes sobre los cuales pueda hacer efectivo el dictamen, pero estas han sido infructuosas. Por tal razón, solicitó una extensión de cinco (5) años adicionales con el propósito de identificar bienes para ejecutar la Sentencia.

Así las cosas, el 15 de julio de 2024, el foro recurrido emitió una *Orden* mediante la cual declaró Ha Lugar, nuevamente, la ejecución de sentencia a favor de la Cooperativa. Además, ordenó que se expidieran los mandamientos o requerimientos necesarios

---

[2] Apéndice del recurso, págs. 23-24.
[3] Íd., págs. 25-26.
[4] Apéndice del recurso, págs. 27-30.
[5] Íd., págs. 35-37.
[6] Apéndice del recurso, págs. 38-40.

para cumplir con lo dictaminado.[7] Del mismo modo, desglosó los bienes plasmados por la Cooperativa en el escrito intitulado *Señalamiento de Bienes* presentado el 3 de junio de 2024.[8] Luego, el 19 de julio de 2024 el foro primario expidió un *Mandamiento Sobre Ejecución de Sentencia*.[9]

Contrario a lo antes dictaminado, el 24 de septiembre de 2024, el foro *a quo* emitió una *Orden* en la cual declaró No Ha Lugar el referido *Señalamiento de Bienes* presentado.[10] En específico, resolvió que dicha moción no procedía, pues habían transcurrido más de cinco (5) años de haberse emitido la *Sentencia.*

En desacuerdo, el 1 de octubre de 2024, la Cooperativa presentó una *Moción de Reconsideración*,[11] la cual fue declarada No Ha Lugar por el foro sentenciador el 14 de noviembre de 2024.[12]

Inconforme, el 16 de diciembre de 2024, la parte peticionaria acudió ante nos mediante el recurso de epígrafe y realizó el siguiente señalamiento de error:

> Erró el Tribunal de Primera Instancia al emitir decisiones inconsistentes en las cuales por un lado autoriza la ejecución de la sentencia emitida y aprueba el señalamiento de bienes y, posteriormente y de forma *sua sponte*, niega el señalamiento de bienes previamente aprobado.

Evaluado lo anterior, el 19 de diciembre de 2024, ordenamos a la parte recurrida a mostrar causa por la cual no debíamos expedir el auto de *certiorari* y revocar el dictamen impugnado. Ha transcurrido mayor término a lo concedido sin que el recurrido haya acreditado escrito alguno ante esta Curia, por lo que, según advertido, procedemos a resolver sin el beneficio de su comparecencia.

---

[7] Apéndice del recurso, págs. 41-47.
[8] Íd., págs. 38-40.
[9] Íd., págs. 48-51.
[10] Íd., pág. 52.
[11] Íd., págs. 53-54.
[12] Íd., pág. 55.

**II**

**A**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021). Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> [. . .]

Según se desprende de la citada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones.

A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios a considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Véase, además, *BPPR v. SLG Gómez-López*, 2023 TSPR 145, 213 DPR ___ (2023); *Rivera et al. v. Arcos Dorados et al.*, supra; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020). Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, funge como complemento a la Regla 52.1 de Procedimiento Civil, *supra*. *Torres González v. Zaragoza Meléndez*, supra. La precitada Regla dispone lo siguiente:

> El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo

intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial*". Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**B**

La parte a cuyo favor se dicte una sentencia podrá ejecutarla conforme lo establece la Regla 51 de Procedimiento Civil, 32 LPRA Ap. V, R. 51. Véase, *Mun. San Juan v. Prof. Research*, 171 DPR 219, 248 (2007). El término concedido para ejecutar la sentencia es de cinco (5) años, contados a partir de que la misma advenga final y firme. *Íd.* De expirarse el término de cinco (5) años concedido para ejecutar la sentencia, la Regla 51.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 51.1, autoriza a los tribunales permitir la ejecución de la sentencia a solicitud de parte y previa notificación a todas las partes. *Íd.*

Por su parte, la Regla 51.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 51.2, regula lo relacionado a la ejecución de sentencia en

casos de cobro de dinero. En particular, dicha regla establece lo siguiente:

> El procedimiento para ejecutar una sentencia u orden para el pago de una suma de dinero y para recobrar las costas concedidas por el tribunal será mediante un mandamiento de ejecución. El mandamiento de ejecución especificará los términos de la sentencia y la cantidad pendiente de pago. Todo mandamiento de ejecución será dirigido al alguacil o alguacila para ser entregado a la parte interesada. En todo caso de ejecución, incluso aquellos en los que se realice una venta judicial, el alguacil o alguacila entregará al Secretario o la Secretaria el mandamiento debidamente diligenciado y cualquier sobrante que tenga en su poder dentro del término de quince (15) días a partir de la fecha en que se realice la ejecución. Se podrá expedir un mandamiento de ejecución en virtud de una o más sentencias y órdenes en el mismo pleito. El mandamiento de ejecución se expedirá bajo la firma del Secretario o de la Secretaria y el sello del tribunal.
>
> En los casos en que el diligenciamiento del mandamiento de ejecución no satisfaga completamente la sentencia o [e]ste sea infructuoso, no será necesario expedir un mandamiento adicional. El alguacil o la alguacila tomará inmediata constancia de cada diligenciamiento al dorso de la copia fiel y exacta del mandamiento. En los casos en que se satisfaga la totalidad de la sentencia mediante un solo diligenciamiento o cuando se trate del último diligenciamiento que satisfaga la sentencia, el alguacil o la alguacila tomará constancia del diligenciamiento en el documento original del mandamiento de ejecución.

Esbozada la norma jurídica, procedemos a aplicarla al recurso ante nos.

**III**

Como único señalamiento de error, la parte peticionaria plantea que el Tribunal de Primera Instancia incidió al emitir decisiones inconsistentes. En particular, arguye que el foro *a quo*, inicialmente autorizó la ejecución de la *Sentencia* emitida en el caso de epígrafe y aprobó el señalamiento de bienes. Argumenta que, sin embargo, el foro juzgador, posteriormente, declaró No Ha Lugar dicho señalamiento.

Luego de un examen sosegado del expediente ante nos, colegimos que dicho señalamiento de error cumple con los criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*,

por lo que procede expedir el auto de *certiorari* y revocar el dictamen recurrido. Nos explicamos.

Conforme al tracto procesal esbozado, el 3 de junio de 2024, la parte peticionaria presentó escritos intitulados *Moción Solicitando Autorización para la Continuación de los Trámites de Ejecución de Sentencia*[13] y *Señalamiento de Bienes*.[14] En los referidos documentos, la parte peticionaria alegó que, luego de que el foro primario permitiera la ejecución de sentencia para el año 2015, las gestiones realizadas para tratar de identificar bienes sobre los cuales pueda hacer efectiva la sentencia habían sido infructuosas. Por tal razón, le solicitó al foro recurrido una extensión de cinco (5) años con el propósito de identificar bienes para ejecutar la sentencia. Del mismo modo, identificó aquellos bienes que podrían embargarse al diligenciarse la ejecución de sentencia. En atención a ello, el foro sentenciador emitió una *Orden* en la cual declaró Ha Lugar la ejecución de los mismos bienes detallados en el *Señalamiento de Bienes* presentado por la parte peticionaria; es decir:

> (1) Cualquier vehículo de motor, automóvil, camión, truck, "pick up["], motoras o vehículos todo terreno propiedad de la parte demandada, (2) haberes, depósitos, cuentas de ahorros, cuentas de cheques, certificados de depósitos, en cualquier institución bancaria o cooperativa en Puerto Rico incluyendo, pero sin limitarse a First Bank, Oriental Bank, Banco Popular de Puerto Rico y cualquier otra entidad bancaria o cooperativa en Puerto Rico, (3) dinero en efectivo propiedad de los demandados, (4) salarios dentro del máximo permitido por ley, (5) comisiones y honorarios profesionales dentro del máximo permitido por ley, (6) cuentas por cobrar ("accounts receivable"), (7) bote, veleros y embarcaciones marinas de cualquier tipo ya sea para la navegación en agua dulce o agua salada, (8) remolque de cualquier tipo, (9) cajas de seguridad a nombre del (los) demandado(s) bajo el control y custodia de cualquier institución bancaria o cooperativa, (10) acciones comunes en cualquier entidad jurídica, (11) acciones preferidas en cualquier entidad jurídica, (12) fondos en poder de tercero sobre los cuales el (los) demandado(s) tenga un interés propietario o el derecho de exigir la entrega o pago, (13) notas o pagarés por cobrar ("notes payable") y (14) cualquier otra propiedad no mencionada anteriormente que esté exenta de embargo. (Énfasis omitido).[15]

---

[13] Véase, Apéndice del recurso, págs. 35-37.
[14] Véase, Apéndice del recurso, págs. 38-40.
[15] Íd., págs. 45-46.

No obstante, posteriormente, el foro primario emitió una *Orden* en la cual declaró No Ha Lugar el *Señalamiento de Bienes* por presentarse luego de haber transcurrido más de cinco (5) años desde que se emitió la *Sentencia.*[16]

Al ser la *Orden* del 24 de septiembre de 2024 contradictoria con lo ordenado por el mismo foro el 15 de julio de 2024, concluimos que erró el Tribunal de Primera Instancia al emitir decisiones inconsistentes entre sí. En vista de ello, el error señalado se cometió.

**IV**

Por los fundamentos que anteceden, expedimos el auto de *certiorari* y revocamos el dictamen recurrido. De igual forma, ordenamos que continúen los procedimientos de ejecución de sentencia según la *Orden* emitida por el Tribunal de Primera Instancia el 15 de julio de 2024.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[16] Véase, Apéndice del recurso, pág. 52.